16-2016-SC-005705-XXXX-MA

Filing # 46906379 E-Filed 09/26/2016 01:11:37 PM

CC-D

IN THE COUNTY COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION

GEORGE HOFFER,
    Plaintiff,

vs.

CAPITAL ONE BANK, N.A.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, GEORGE HOFFER by and through undersigned counsel, and files the Complaint against the Defendant, CAPITAL ONE BANK, N.A. and alleges:

### JURISDICTION

1. This is an action for damages that do not exceed five thousand dollars ($5,000.00) exclusive of costs and attorney fees.

2. Jurisdiction and venue for purposes of the action are proper pursuant to Fla. Stat. §559.77.

3. At all material times herein, Defendant's conduct complained of occurred in Duval County, Florida.

4. At all material times herein, the Defendant engaged in its usual and customary business within Florida and Duval County, Florida.



EXHIBIT 2

5. The action arises out of repeated violations of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

## PARTIES

6. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by Florida Statute Section 559.55(2).

7. Defendant is a creditor operating from an address of 8000 Towers Crescent Drive, 16th Floor, Vienna, VA 22182 and is a "creditor" as that term is defined by Section 559.55(6).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

8. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

9. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

10. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F. C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

11. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers; it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

12. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

13. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. See generally, *Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

14. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

15. The TCPA has a four-year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't, 2008).

16. Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *See Osorio v. State Farm Bank, FSB*, No. 13-10951 (11th Cir. Mar. 28, 2014).

## CLAIM FOR RELIEF

### COUNT 1
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.

17. Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat., namely, a credit card debt.

18. On August 22, 2016, Plaintiff retained Carol Galloway, Esq. in reference to his debt with the Defendant.

19. On August 26, 2016, Defendant's agent or employee, telephoned the Plaintiff on his cell phone in an effort to collect a debt. Plaintiff explained that he was represented by attorney Carol Galloway regarding the debt and provided her contact information and instructed the Defendant to stop calling him. Defendant's agent told him that they needed a letter from his attorney before the Defendant would stop contacting him.

20. Shortly thereafter, Plaintiff spoke to another agent or employee of the Defendant, "Natasha" who again stated that the Defendant required something in writing from his attorney.

21. The Defendant has continued to telephone Plaintiff on his cell phone and on one occasion has even admitted that the Defendant's notes reflect he has an attorney.

22. Despite being on notice that the Plaintiff was represented by counsel and its' permission to contact him had been revoked, Defendant, or another party acting on its behalf, placed a call and left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular telephone.

23. Plaintiff is informed and believe, and thereupon allege, that Defendant relies heavily on the use of automatic telephone dialing systems for contacting customers in connection with loss mitigation and collection efforts.

24. By refusing to stop communicating with the Plaintiff after being told he was represented by counsel, the Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72:

    a. "Communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address." Fla. Stat. §559.72(18)"

25. In addition, the Defendant's assertion to the Plaintiff it had the right to keep calling him regarding the debt until notice of attorney representation had to come in writing from the attorney is a requirement that is nowhere to be found in §559.72 and a violation of §559.72(18)" "… assert the existence of some other legal right when such person knows that the right does not exist."

26. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and

caused him unnecessary personal strain in his relationships, as well as with other family members.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

28. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

29. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and
- for such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff incorporates Paragraphs 8 through 29.

31. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, using an automatic telephone dialing system or an artificial or prerecorded voice, and not legally permitted under any provision of the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for each violation of the TCPA;

b. Statutory damages for each knowing or willful violation of the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d. Attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of September, 2016.

MAX HUNTER STORY, P.A.

_/s/ Max Story_
Max Story, Esquire
Florida Bar No. 0527238

328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff